# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 17-2473-JFW** | Date: June 1, 2017 |

Title: In re: Solyman Yashouafar and Massoud Aaron Yashouafar
David K. Gottlieb -v- Howard L. Abselet

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING MOTION BY HOWARD L. ABSELET TO WITHDRAW REFERENCE AS TO THE ADVERSARY PROCEEDING, AND ASSIGN IT TO THE HONORABLE JOHN F. WALTER [filed 3/30/17; Docket No. 1]

On March 30, 2017, Defendant Howard L. Abselet ("Abselet") filed a Motion to Withdraw Reference as to the Adversary Proceeding, and Assign It to The Honorable John F. Walter ("Motion"). On April 3, 2017, David K. Gottlieb, Chapter 11 Trustee of the Estates of Solyman Yashouafar and Massoud Aaron Yashouafar (the "Trustee") filed his Opposition. On April 6, 2017, Abselet filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 5, 2017 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Legal Standard**

District courts "have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(b). However, district courts may refer any or all bankruptcy matters to a bankruptcy court. 28 U.S.C. § 157(a). Withdrawal of the reference of matters pending before the bankruptcy courts is governed by 28 U.S.C. § 157(d), which provides:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities

affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added).  Accordingly, pursuant to 28 U.S.C. § 157(d), withdrawal can be mandatory or permissive. The burden of persuasion is on the party seeking withdrawal. *See, e.g., In re Tamalpais Bancorp v. FDIC*, 451 B.R. 6, 8 (N.D. Cal. 2011).

## II.     Discussion

On March 24, 2017, the Trustee commenced Adversary Proceeding No. 1:17-ap-01027-GM (the "Adversary Proceeding") to set aside the levies on and the execution sale of the Allied Property Investment, Inc. and Roosevelt Lofts, Inc. stock, claiming that those sales are ineffective or void because they subject stock was certificated, contrary to this Court's prior findings and orders.[1]  In his Motion, Abselet seeks permissive withdrawal of the reference with respect to the Adversary Proceeding.

For permissive withdrawal of the reference, the Court has "broad discretion" to withdraw the reference "for cause shown." *In re Millennium Studios, Inc.*, 286 B.R. 300, 303 (D. Md. 2002). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

In this case, the Court concludes that all of the factors favor withdrawal of the reference. Withdrawing the reference would promote judicial economy and the efficient use of judicial resources.  This Court is extremely familiar with the facts and legal issues underlying the Adversary Proceeding.  Indeed, this Court has made findings and issued orders that the Trustee now seeks to have set aside in the Adversary Proceeding.  In addition, this Court continues to handle all post-judgment matters in the related actions involving Abselet, and, thus, continues to be familiar with and current on all the proceedings.  Moreover, withdrawing the reference would prevent delay and costs to the parties because the parties would not have to address a number of issues due to this Court's familiarity with the factual and legal issues underlying the Adversary Proceeding.  Withdrawal of the reference also prevents forum shopping by preventing the Bankruptcy Court from deciding the issues in the Adversary Proceeding, which are, in fact, issues this Court has already decided.

Finally, withdrawal of the reference will not affect the administration of the Bankruptcy Cases.  The vast bulk of the Bankruptcy Cases, which have only been proceeding for approximately seven months – such as collecting assets, evaluating and objecting to claims, requests for payment of administrative expenses, and ruling on a pending motion to convert the Cases to Chapter 7 liquidation – will continue even if the reference is withdrawn, and will not affect, or be affected by, the Adversary Proceeding.

---

[1] The facts surrounding this case are long, complicated, and well-known to the Court and the parties.  Therefore, the Court will not summarize several years of litigation and legal wrangling in this Order.

## III. Conclusion

For all the foregoing reasons, Abselet's Motion is **GRANTED**. The Court hereby **WITHDRAWS** the reference with respect to Adversary Proceeding No. 1:17-ap-01027-GM, which was filed in the United States Bankruptcy Court for the Central District of California.

IT IS SO ORDERED.